J-S58022-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| ANGELO LENELL DAVIS | |
| Appellant | No. 2202 MDA 2015 |

Appeal from the PCRA Order November 16, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0003275-2006

BEFORE: GANTMAN, P.J., BOWES AND PLATT,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED AUGUST 23, 2016**

Angelo Lenell Davis appeals from the November 16, 2015 order denying him PCRA relief. We affirm.

At approximately 3:00 a.m. on October 30, 2005, Harrisburg police responded to a 911 call about a disturbance in Appellant's residence. When they arrived, police heard a woman screaming for help and sounds of a physical altercation occurring inside. Police broke down the door and observed Appellant assaulting a female. The victim was crying and covered in blood and was treated at an emergency room for a closed head injury and broken nose. On November 15, 2006, a jury convicted Appellant of aggravated and simple assault. He was sentenced on January 30, 2007, to three and one-half to ten years imprisonment. On December 26, 2007, we

* Retired Senior Judge assigned to the Superior Court.

affirmed the judgment of sentence, rejecting his challenge to the sufficiency of the evidence. *Commonwealth v. Davis*, 945 A.2d 759 (Pa.Super. 2007) (unpublished memorandum).

On May 22, 2008, Appellant filed a timely *pro se* PCRA petition and raised claims of ineffective assistance of counsel. PCRA counsel was appointed, and, thereafter, petitioned for withdrawal pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). After Appellant responded to the withdraw request, counsel's petition was granted and PCRA relief was denied. On appeal, we affirmed. *Commonwealth v. Davis*, 15 A.3d 540 (Pa.Super. 2010) (unpublished memorandum).

Appellant filed various additional petitions for relief while the first PCRA petition was pending on appeal. He appealed the denial of one of those petitions, which contained a request for credit for time served, and that appeal was quashed due to defects in Appellant's brief that precluded us from reviewing the merits of his positions. *Commonwealth v. Davis*, 87 A.3d 894 (Pa.Super. 2013) (unpublished memorandum).

On January 22, 2015, Appellant filed three *habeas corpus* petitions, which were all denied by order dated May 14, 2015. In the meantime, on May 7, 2015, Appellant filed a second PCRA petition, which was dismissed by order dated November 16, 2015. This appeal was filed on December 14,

2015 from the November 16, 2015 order. Appellant presents these issues for our review:

>    1. Whether the Court err[ed] in denying all three (3) of Petitioner's Petitions for *habeas corpus* challenging his confinement and detention in violation of Pa. Rule of Crim. P. Rule 600 Speedy Trial, Sixth Amendment U.S. Constitution, Artic[le] 1 § 9 Pennsylvania Constitution; Double Jeopardy, Fifth Amendment U.S. Constitution, Artic[le] 1 § 10 Pennsylvania Constitution, Illegal Sentence violation of Due Process no Sentence Order was ever issued?
>
>    2. Whether the court err[ed] and caused an "inordinate delay" in Petitioner's timely filing of the PCRA within (60) days of when he became aware of the fact that no sentence order was issued by the trial or sentencing court in his case?
>
>    3. Whether the court err[ed] when it denied Petitioner of the timely filed request for extension of time in which to file his timely response to the court[']s memorandum opinion giving (20) day's and not (30) to answer with other court deadlines due that the court was made known of and was fully aware of?

Appellant's brief at 4.

We first outline our standard of review of a PCRA court's ruling:

>    Under the applicable standard of review, we must determine whether the ruling of the PCRA court is supported by the record and is free of legal error. ***Commonwealth v. Marshall***, 596 Pa. 587, 947 A.2d 714, 719 (2008). The PCRA court's credibility determinations, when supported by the record, are binding on this Court. ***Commonwealth v. Johnson***, 600 Pa. 329, 966 A.2d 523, 532, 539 (2009). However, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions. ***Commonwealth v. Rios***, 591 Pa. 583, 920 A.2d 790, 810 (2007).

- 3 -

*Commonwealth v. Spotz*, 18 A.3d 244, 259 (Pa. 2011).

Initially, we note that we lack jurisdiction over Appellant's first issue. Therein, Appellant complains about the dismissal of his three *habeas corpus* petitions, which were denied on May 14, 2015. An appeal must be filed within thirty days after entry of an order. Pa.R.A.P. 903(a). This appeal was filed on December 14, 2015, more than thirty days after the May 14, 2015 final order dismissing the three *habeas corpus* petitions. Hence, we cannot consider the merits of Appellant's first claim.

Before we can address Appellant's remaining two positions, which relate to the denial of the May 7, 2015 PCRA petition, we must determine whether that petition was timely filed as that issue also implicates our jurisdiction. *Commonwealth v. Miller*, 102 A.3d 988 (Pa.Super. 2014). If a PCRA petition is untimely, "neither this Court nor the trial court has jurisdiction over the petition." *Id*. at 992 (citation omitted); *see Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006) ("[I]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.").

Any PCRA petition has to be filed within one year of the date the defendant's judgment becomes final unless an exception to the one-year time restriction applies. 42 Pa.C.S. § 9545(b)(1). Accordingly, we first must determine when Appellant's judgment of sentence became final. "A

judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Since Appellant did not file a petition for allowance of appeal from our December 26, 2007 affirmance of his January 30, 2007 judgment of sentence, that sentence became final under the PCRA on January 25, 2008, which was thirty days after our decision. Appellant had until January 25, 2009 to file a timely PCRA petition, and the present May 7, 2015 petition is untimely. There are three exceptions to the one-year time bar of § 9545:

 (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

 (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i-iii). "Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Appellant obliquely invokes one exception to the one-year filing deadline in his second question presented on appeal. Specifically, Appellant avers that the court erred and caused the delay in the filing of the May 7, 2015 petition. He maintains that the petition was filed within sixty days of when he became aware of the fact that no sentencing order was entered in this case. This argument suggests that the May 7, 2015 petition was timely under the newly discovered facts exception outlined in § 9545(b)(ii). "The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence." *Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa.Super. 2015); *see Commonwealth v. Bennett*, 930 A.2d 1264 (Pa. 2007). However, our Supreme Court has clearly articulated that "to constitute facts which were unknown to a petitioner and could not have been ascertained by the exercise of due diligence," so as to qualify for the newly discovered facts exception, "the information must not be of public record[.]" *Commonwealth v. Edmiston*, 65 A.3d 339, 352 (Pa. 2013).

In the present case, the criminal record of this matter, which is of public record, clearly revealed that a sentencing order was purportedly lacking. Therefore, Appellant's discovery of that documents alleged absence is not a newly discovered fact falling within the invoked exception. Thus, Appellant's May 7, 2015 PCRA petition remains untimely.

Appellant's third claim is that he was not given sufficient time to reply to the court's intent to dismiss the May 7, 2015 PCRA petition. The petition was untimely, and Appellant fails to establish that it fell within an exception to the one-year time bar. Thus, his inability to respond to the court's intent to dismiss the petition was of no moment in this matter.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/23/2016